Thank you, Your Honor. Good morning. May it please the Court, my name is Petter Batalden and I represent the defendants and appellants Alvin Flynn and Pile Trucking. The defendants in this wrongful death action are seeking a new trial because of an instructional error that impacted the jury's consideration of liability issues, and because of a verdict form error that impacted the jury's consideration of damages issues. And apart from all that, we're asking the Court to reverse the award of interest under a state law offer of judgment scheme that is either inapplicable or in conflict with federal law. Now, wrongful death actions in California are single and indivisible claims that are brought jointly by all of the heirs, the family unit, if you will. And for that reason, for more than 100 years, California has followed a unique rule that a jury must return any award of damages in a lump sum that compensates that family unit. Well, assuming that the verdict form was in error, where's the prejudice? The harm here, Your Honor, is that by giving the jury more than one opportunity, more than one blank in which to fill out damages, there's a risk that they would award more damages in the aggregate than if they were awarding or filling in a single line on the verdict form. And common sense would tell us that that's a legitimate risk. And, of course, we know that that's a legitimate risk because plaintiffs are advocating that the lump sum verdict will not be followed in this case. There is a reason why they're making that argument. But isn't the California law to protect the defendants when there might be some sort of, excuse me, the plaintiffs when there might be some sort of dispute among them as to what anybody might be entitled to? Your Honor, I think the step two inquiry gets at what you're asking about. It protects and allows a court to allocate among the various heirs the amounts of damages that a jury has first awarded in a lump sum. And we don't disagree. The defendants have no stake in that second step inquiry where the jury has already determined what the lump sum is. Then it's up to the plaintiffs and the courts to allocate that. But in that first step inquiry where the lump sum is being determined, the defendants have an important stake in making sure that the jury doesn't award an undeservedly high amount simply because it's given more blanks to fill out. Are you aware of any California case in which a defendant has overturned a verdict on this ground? Your Honor, I don't believe we cite a case for that particular proposition. That's why I asked the question. But I'm not sure that the issue has arisen all that frequently in California. But I think the rule is a venerable rule. There's no dispute that it exists and that it is the law in California. And there's no dispute that the jury in this case did not return a lump sum verdict. And that violation of the rule is an error. How much damages did the plaintiffs ask for? Is there some argument you can make that they awarded separately $1.75 million to each plaintiff but that the plaintiffs had only asked for $1.75 for both plaintiffs? Is there some argument factually that would support your claim of prejudice? Your Honor, I don't believe that the plaintiffs' counsel requested less in damages than the jury awarded. The total sum? That's the case. But it's important for the court to view this through the lens of the procedure that this court's cases have enunciated in the harmless error context. Once we show a legal error, a trial error, as we've shown, a violation of the rule, the burden shifts to the appellees to show that that error was harmless. A presumption of prejudice arises. And if all that this court concludes is that... What is your authority for that proposition? Your Honor, there's a long line of cases from Obrey v. Johnson forward that when there's an evidentiary error or an instructional error, we cite Dang v. Cross in our brief as well. Is there anything that says a verdict form error is presumed prejudicial? Your Honor, I don't believe there's a case dealing with verdict forms, but this court's jurisprudence has pointed out that instructional errors are treated the same way as verdict form errors. They are of a piece when we cite a UU case in our brief for that proposition. And so the court's jurisprudence dealing with instructional errors ought to be the appropriate guidance here. And when there has been an error, as I said, a presumption of prejudice arises. So if this court concludes nothing other than that it's questionable whether the jury would have awarded more or less if there were two blanks rather than one, we're the beneficiaries of that uncertainty because the presumption of prejudice stands unrebutted. We think that the new trial ought to be a complete new trial, both because of the default common law rule that new trials are complete rather than partial, but also because there was an instructional error in this case. Bless you, Your Honor. The district court injected into what was a vicarious liability case at the close of trial... We're going to take about a minute. Are you sure? Are you sure? All right. I'm sorry, counsel. Shall I stop, Your Honor? Yes. I think Judge Wardlaw would like us to continue and she'll listen. Okay. Thank you. The district court injected into the trial of what was a vicarious liability case a direct theory of liability against pile trucking through a federal trucking regulation that was customized to serve as a jury instruction. But that was never argued, was it? I'm sorry, Your Honor. The plaintiff didn't argue that there was an independent basis to find the trucking company liable because there was a violation of that particular regulation that requires drivers to keep their records. The argument was that Mr. Flynn is the one who was negligent, and as part of the proof that was argued, as I understand it, that he didn't keep his records, which goes to inattentiveness and all of that sort of stuff. It didn't have anything to do with an independent basis of liability, did it? Your Honor, I don't believe that plaintiff's counsel made any particular strong argument or pitch for direct liability in closing argument. But the jury was instructed on that theory, and the jury would have heard no evidence about pile trucking's conduct or lack of conduct. And so it would have been very easy for the jury to conclude that pile trucking had not satisfied the requirement that that jury instruction imposed. But if you read all the instructions together, which, as I understand it, is the right way to read them, I simply don't see that there is any plausible argument that the jury would have thought there was a separate independent claim that wasn't the result of the driver's negligence. Your Honor, there are two instructions that I would ask that the court take particular care in reviewing. Instruction 18, which is at page 96 of the excerpts, and instruction 29, which I believe is at page 180. Yeah, 29 says that the defendant trucking company is the principal and Flynn is the agent and that the liability of the company follows that of the individual. I mean, I'm paraphrasing. If he was negligent, the company is liable, and if he wasn't, then the company is off the hook. That's right. So that's exactly what you say should have been presented, and it was. So I don't understand why that doesn't respond to the problem. Because, Your Honor, what the second and third sentences of that instruction show is that the liability of the two defendants would stand or fall together. Either they were both liable or neither is liable. That's not what it says. It says you look at what the individual did, and then based on what you find the individual did, so goes the trucking company. It didn't work both ways. But, Your Honor, the jury knew from reading that instruction that they could not return a verdict in which one defendant were liable and the other were not. That would have been inconsistent with that instruction. Yeah, but it's not that broad. I mean, it's true, but that's a broader proposition than what is stated in the instruction, and I don't see anything in 18 that, honestly, even 18 on its own doesn't say what I think you're saying it says. What 18 says is that the trucking company is required to do something. That's a direct theory of liability. But it isn't the theory of liability. It's a description of a statutory requirement. It isn't what the claim was, because instruction number two is where it sets out what the claim is. And what the claim is is that Mr. Flynn was negligent and that they have the burden of proof to, that the plaintiffs have the burden of proof on that. That's the theory of the case, and it was quite clear, I thought, from the instructions as a whole that there was no direct liability theory that the jury could possibly have read into this. And if all that, if we accept all that is true, Your Honor, then that instruction 18 had no business being in the case. It served absolutely no purpose. It was improper to give it. And the final issue I'd like to touch on just briefly is the offer of judgment question in the case dealing with interest. All of this Court's cases that have analyzed state law offers of judgment, where a party has offered a judgment under a state rule or statute involving civil procedure and has then bettered that offer at trial, are cases in which this Court has denied relief. Either this Court has affirmed district courts that have denied relief, or this Court has reversed district courts that have granted relief. There is no case in this Court where a party who offered a state law offer of judgment and had it rejected has ever recovered enhanced interest, expert witness fees, etc. And this case is no different from any of those cases. Is that substantive law or is it procedural law? The plaintiff being allowed to make an offer of judgment versus Rule 68, which says the defendant is allowed to make an offer of judgment. Well, Your Honor, I think it's best viewed as procedural, meaning that you never get to state law. It's a diversity case. We apply federal procedure. And certainly Rule 68 covers this situation. That's the typical Rules Enabling Act analysis under Hanna v. Plumer. If there's a federal rule of civil procedure that covers the situation, it applies. Right, I understand that. What I don't understand is how a rule that applies to defendants covers a rule that applies to plaintiffs. It covers the situation, Your Honor, because Congress made a concerted decision not to allow plaintiffs to make offers of judgment in Rule 68. The advisory committee notes when Rule 68 was adopted show that the committee and then through them Congress adopted the rule from the practice in various states. And the practice in those states did not include allowing plaintiffs to make offers. So it was a choice to be silent rather than a choice to allow plaintiffs to make offers. So this situation is one that's covered by Rule 68. Unless the Court has further questions, I'll preserve my time. Thank you. You may do that. Good morning. Arsh Hamanpour for the respondents in the Dinas. Let me just quickly address this more than one blank argument. There's no case law that says adding more than one blank to a damage calculation is improper. Well, it does seem to run counter to the requirement that there be one lump sum awarded in a wrongful death action in California. This is not a rule that I've seen in other states necessarily, but as I understand it, there is supposed to be a single lump sum. What that's referring to is the one judgment rule in California to prevent other claimants from bringing serial lawsuits against a defendant. And so what that entire law requires is procedurally everyone who's a claimant or potential claimant has to be in that lawsuit. Even, for example, if they don't want to participate, they have to be a nominal defendant because the Court has to enter one judgment for all of the claimants. However... Well, that's not how I read the cases. As I read it, the court or jury must compute the damages, if any, by considering the pecuniary damage suffered by all the heirs and return a verdict for one sum. That's how I understood it, which is different than what you're saying of just joining people in the action. Well, I'm talking about something procedurally on joining people. Let me explain corridor. Corridor doesn't deal with our case. Corridor was a dispute over allocation of settlement, and that is where you would get a judge involved, where the parties agree to a settlement and the two parties can't divide it between themselves. Then the legislature has made a statutory mechanism for the trial judge to decide that issue. What we're dealing with here is how does the plaintiff want the case presented to the jury and who does the plaintiff want to determine the respective rights between the mom and the dad. Here, the Canavan case is directly on point. It's such a clear issue that Canavan tells the courts the following on the first page. Quote, however, we recommend trial courts require juries to answer special interrogatories, stating the amounts they include to compensate each individual claimant to assist in final apportionment of the award. All the cases recognize that it is our right as the plaintiffs to have the jury decide the different amounts, and that's because the jury can decide different amounts. For example, if I have a daughter that's deceased and she resided with her mother and the parents are divorced and she lived with her mother for ten years and hadn't seen the dad for five years, clearly the jury could award different amounts for the loss of love, companionship, society of that daughter. And so what I do in all of my cases is I follow this directive from Canavan and I have the jury decide what each plaintiff gets. Then the judge enters one lump sum. The case law is clear that we can do this procedure. And here's how the issue came up in trial. The defendant simply objected to our verdict form that had two different amounts for the plaintiffs. They didn't cite any case law whatsoever. So I don't think they preserved the objection because they didn't engage in the dialogue that they're engaging in now with the trial judge. And it's important to look at are they articulating their objection in a way that the judge understands it would be a legal error to give the verdict form because we're not in the business of reversing jury verdicts. By the defendant simply making an argument without citing case law and not engaging in the argument they're making on appeal, they deprived me of the opportunity to address it with the judge. They deprived the judge of the opportunity to address it or correct whatever error they're claiming even though there is no error. But what I cited in my written support of our verdict form was directly from Canavan that the court can have the jury decide different amounts for each plaintiff and that is exactly what the judge did. The defendant did not then cite any of the cases they're citing now or any of the propositions they're citing now to the judge whatsoever. They were silent. They just said we object. And so on a waiver level, they waived their argument that the verdict form is defective. On a second level, it is not defective because the judge did exactly what California law recommends that he does. And then third, there's no prejudice. Where's the prejudice to the defendant? This statutory mechanism has nothing to do with the defendant in terms of letting the judge decide the amounts. It's when there's a dispute between the plaintiffs, then the court can get involved and allocate. But there's no prejudice whatsoever to the defendant. They haven't cited any case that even comes close to saying that separating the amounts for the plaintiffs is prejudicial to the defendant. I'm going to move on to the trucking instruction issue. I don't think I need to add much. The court, I think, recognizes that there's no error in giving that instruction. There's no reason to reverse the case because of that single instruction, even if it were assumed to be erroneous. It's not erroneous. And I'm the trial attorney. I don't think I mentioned pile trucking at all during trial in terms of closing argument or the verdict form because if the jury found against the driver, then automatically the judgment would be against pile trucking. There was no dispute that was agreed to by the parties. So I didn't have to raise any issue regarding pile. I want to ask you about the offers of judgment question. Yes. It appears to me that in Lane Powell, our court squarely held that Rule 68, that offers of judgment in Rule 68 pertain to procedural and not substantive matters and therefore federal law governs offers of judgment. You're referring to the home indemnity case? Yes. I think of it as Lane Powell, but I think it's home indemnity versus. I think that's the same case. Why isn't that controlling in the sense that if the whole concept of offers of judgment is a procedural question and federal procedure governs, that's sort of the end of the story. If federal procedure has something, that's great. And if it doesn't, we don't go there. I don't read home indemnity as making that pronouncement that offers of judgment are purely procedural. And especially Rule 68 is one-sided. So it doesn't apply to plaintiff. That's a policy question. Basically, as I understood what the court was saying in that case, is well, if you're looking at the amount of prejudgment interest, that's a state law question, but offers of judgment aren't about that. Offers of judgment are procedural in nature. And it's sort of like saying, well, what if federal discovery rules suddenly don't allow depositions of experts? And state law does. But if federal procedure governs, you can't supplement it by saying, well, it doesn't cover this issue, so therefore we look to state law. So that's why it seems to me essential for us to know whether offers of judgment as a concept are a procedural or a substantive matter. And that's a great question. I don't think it was briefed by anybody, whether the proposition that offers of judgment are purely procedural, therefore we don't even look at state court offers of judgment. Isn't that the question we have to answer? Actually, I've never even thought of that question until you asked me. I think that I don't want to answer it without being able to brief it. You didn't brief it? Well, I mean, we've briefed the concept that prejudgment interest is substantive. Case law is clear that parties with state court cases removed to federal court are entitled to prejudgment interest. It's not about, I mean, the Lane Powell case clearly says that offers of judgment aren't about prejudgment interest per se. And it goes on to say that offers of judgment, they're the Alaska statute. It cannot be characterized as a substantive prejudgment interest statute. It's a procedural offer of judgment provision. Federal procedural rules govern in diversity actions, and it goes on to say that if there's a conflict with state law, then state law is out the window, and that Federal Rule 68 controls. I guess I just don't see how you get around that holding. What I'm reading from the Homen and Indemnity case, I hope we're looking at the same case. I'm looking at the very end. What they found there is that because the Alaska statute was deemed a penalty. Well, that's not how I read it. It says it's not prejudgment interest. It's a procedural offer of judgment, and we look to federal procedural rules, and Rule 68 governs over any state offer of judgment provision. That's how I read the last, like, three, four paragraphs of that decision. I apologize. I don't know if we're looking at – is yours 43F3rd1322? Yes. I'm looking at page 1332, headnote 21. And maybe we just read it differently, but it seems to me that the entire basis of the decision is that offers of judgment are a procedural matter that are governed exclusively by federal rules of civil procedure. Well, I will agree. This issue has not been decided by the Ninth Circuit, so there is no – Well, that's the question because I think it has. I guess that's what we're having the discussion about here. Honestly, you caught me off guard. I didn't see that from this opinion. I read the opinion as simply saying that the Alaska statute was a penalty and that would violate the federal rules, and so they didn't allow the penalty interest in that case. But here we're not dealing with a penalty. We're dealing with prejudgment interest, which is a substantive right, which they're entitled to. Well, no, we're dealing with offers of judgment and what happens when an offer of judgment – what is the consequence if an offer of judgment is or is not accepted. That's not prejudgment interest per se. That's what Lane Powell says. No, I understand. I don't agree that this stands for the proposition that the entire field of offers of judgment are covered by federal law and that the state courts cannot address offers of judgment, that they would conflict with federal law. I don't agree with that because – Well, they can in state court. The question is whether in a diversity action it counts as substantive law, which is the state's law and we apply it, or whether it's procedural and we don't. I don't agree with the reading of this case. I don't think that was the – Okay, I understand. It's one sentence. It says it is a procedural offer of judgment provision, but I don't think it's concluding the way you've articulated this whole preemption issue and whether they've occupied the field. It's not a matter of preemption. It's a matter of procedure versus substance. If federal rules deal with depositions and they only deal with it a little bit, it's not a matter of occupying the field. It's just a matter of whose law do we look at for rule of decision. I mean, that sort of irreverses – I understand. I would actually like a chance because I don't think the defendant framed the issue that way. I would like a chance to brief that because I didn't get a chance to even really think about what you're saying. Why is it substantive, that procedural offer in state court of a plaintiff for an offer of judgment? Why is that substantive law, not procedural? Because it's prejudgment interest. So the courts say that prejudgment interest is a substantive law, and here plaintiffs are entitled to prejudgment interest if they utilize a particular procedure. It's not like how many depositions can you take. It's not like how can you effectuate service. It's substantive. It's compensating the plaintiff for not having those funds when they were entitled to those funds. It's a substantive right that the plaintiff – the state of California legislature decided that we're going to set up this mechanism that plaintiffs can recover interest on funds they should have been paid earlier through this offer procedure. And what's the interest computed on? The offer or what's recovered? What's recovered from the date of the offer. So what they're saying is, in a wrongful death case, had the defendant paid up what they owed the plaintiff, the rightful amount, back when the offer was made, then the plaintiff would have recovered those funds and had use of those funds. But because the defendant did not and made the case continue, they bear the risk of having to compensate the plaintiff for the lost interest in the use of those funds. And so it's a substantive prejudgment issue. But I really would, just because there's no Ninth Circuit case covering our 998 state statute and interest in this whole issue, I would like a chance to address your very good question of whether you stop the analysis at you've got Rule 68 as a procedure, therefore it doesn't matter what state counterparts there are. You can't look at them because we've got Rule 68 as a procedure. I'd like to brief that, if possible. I think that's it. Okay, thank you very much. And I believe you have a little bit of rebuttal time remaining. Thank you, Your Honor. I'd like to start where my friend Mr. Halmanpour left off. There's no need for further briefing because we cite in our brief the whole line of Ninth Circuit cases addressing state law offers of judgment, the holdings that these are under Rule 68 and Rules Enabling Act analysis, inapplicable in federal court. And that point has been adequately covered. The one point I want to make is that even if you accept what my friend is saying, that this is substantive law of prejudgment interest, there are then insuperable procedural obstacles to their recovery of that interest. If it's part of their main compensation, then they didn't seek it from the fact finder and they didn't make the Rule 59e motion to add it to the judgment, which is what the Supreme Court said is required in Osterneck v. Winnie. So whether it's procedural or substantive, they can't get that interest. Let me come back to the lump sum verdict issues that were debated. The waiver argument that my friend made is incorrect. If you look in the excerpts of record at pages 69 to 74, both sides submitted competing verdict forms. And at the end of each side's proposal, the other party was allowed to offer rebuttal as to why that shouldn't be given. And in response to the plaintiff's proposal, the defendant said, don't give this, there's the one judgment, the lump sum verdict rule. It's right there in the proposal. Then when the issue arose at the instruction conference, there was a colloquy. The pertinent pages of the transcript appear in the first volume of the excerpts. So this issue was debated. The district court was made aware of the issue and knew very well what the party's differing positions were. There is no waiver. Second, my friend was mentioning the difference between the one judgment rule and the one action rule. That's a different rule that requires all errors to band together in a single action. We're talking about the lump sum verdict rule. That's the one that applies here. That was the rule that was violated in this case. And I was pleased to hear my friend say that Canavan is directly on point, because I think in fact Canavan shows the error here. Canavan was a case where the trial judge in the California court system required the jury to return a lump sum verdict. The plaintiffs didn't like that, and they appealed. And the court of appeal rejected the plaintiffs' argument that it was error not to allow them to get a jury verdict apportioning the damages. Well, that's the flip side of it, but it doesn't mean that it necessarily was error if it went the other way. I mean, where, for example, a court has discretion to shape a jury instruction or a verdict form, different judges may do it differently, and none of them may be abusing their discretion. So to say that you don't have to have individual blanks doesn't mean that you're forbidden. So Canavan doesn't really answer the question. As a matter of strict logic, what Your Honor said is exactly right. But Canavan and Corder and all the other California cases that have been cited plainly require a lump sum verdict to be returned. That's the rule in California. Now, it can be waived if a defendant never makes the argument, it doesn't come up, but we don't have that situation. The issue's been preserved here. So we ask this court to recognize that violation of the lump sum verdict rule and that it was harmful, and to reverse for a new trial. Thank you, counsel. Thank you, Your Honor. The case just argued is submitted, and we appreciate both counsel's arguments.
judges: Molloy, Graber, Wardlaw